**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1695-18T3

MITT KISHAN, LLC d/b/a
SHAYONA PHARMACY
and RITA PATEL,

      Appellants,

v.

DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES,

      Respondent.

_____

Submitted October 26, 2020 – Decided November 16, 2020

Before Judges Mayer and Susswein.

On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

Kasuri Byck, LLC, attorneys for appellants (Harrison Ross Byck, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney

General, of counsel; Jeanette M. Barnard, Deputy Attorney General, on the brief).

PER CURIAM

Petitioners Mitt Kishan, LLC d/b/a Shayona Pharmacy and Rita Patel (Patel) appeal from an April 19, 2018 final decision of respondent Department of Human Services, Division of Medical Assistance and Health Services (DMAHS). The DMAHS adopted a February 28, 2018 initial decision issued by an administrative law judge (ALJ), enforcing a settlement agreement between the parties. We affirm.

In 2018, the Office of the State Comptroller, Medicaid Fraud Division (MFD), investigated petitioners' Medicaid billing practices. The investigation, reviewing the time period from May 2010 to May 2013, revealed petitioners received Medicaid reimbursement for prescriptions lacking the necessary supporting documentation required under N.J.S.A. 30:4D-12(d). Based on its investigation, MFD filed a notice of claim on January 25, 2018 to recover the sum of $47,657.20, representing Medicaid overpayments received by petitioners.

The matter was transferred to the Office of Administrative Law and assigned to an ALJ. On February 16, 2018, the parties, represented by counsel, appeared before the ALJ for a settlement conference. As a result of the

settlement negotiations, the parties entered into a written settlement agreement and mutual release to resolve the matter.

Pursuant to the settlement document, petitioners agreed to pay $23,000 to MFD. Patel signed the agreement on behalf of petitioners.[1] In addition to signing the written settlement agreement on February 16, 2018, the parties also placed their agreement on the record before the ALJ that same day. Patel had the benefit of counsel during the negotiations and at the hearing before the ALJ.[2]

In response to questions posed by the ALJ, Patel acknowledged her written and oral assent to the agreement. While under oath, Patel confirmed the following: she understood the agreement; was not forced or coerced into accepting the agreement; was not under the influence of any substance that would impair her ability to understand the proceeding or the agreement; and was satisfied with the services of her two attorneys. When asked by the ALJ if she had any questions, Patel responded she had none. On the record, Patel expressed her gratitude to the ALJ, the DMAHS's counsel, and her own attorneys for resolving the matter.

---

[1] As part of the settlement, Shayona Pharmacy agreed to cease doing business as a pharmacy in the State of New Jersey.

[2] In fact, petitioners had two attorneys at the settlement hearing.

Based on the ALJ's examination of Patel as to her understanding of the terms of the settlement agreement, he issued a February 27, 2018 initial decision, approving the settlement as placed on the record and in writing on February 16, 2018. The ALJ found "[t]he parties have voluntarily agreed to the settlement as evidenced by their signatures or their representatives' signatures." In approving the agreement, the ALJ noted the "settlement fully disposes of all issues in controversy" and "meets the requirements of N.J.A.C. 1:1-19.1." The ALJ's initial decision attached a copy of the February 16, 2018 Settlement Agreement and Mutual Release signed by the parties and their counsel.

On March 29, 2018, Patel paid the $23,000 settlement sum to MFD in accordance with the terms of the settlement agreement.

On April 19, 2018, the director of the DMAHS issued a final agency decision adopting the "[s]ettlement [a]greement as based upon substantial credible evidence and consistent with applicable law."

On appeal, Patel argues the settlement agreement should be vacated and set aside because she did not fully understand the terms and consequences of the settlement agreement and she "felt rushed and under excessive pressure to settle . . . ." We reject these arguments.

Our review of any agency's decision is limited. Circus Liquors, Inc. v. Middletown Tp., 199 N.J. 1, 9 (2009). An agency's determination should not be reversed "unless it is arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Lavezzi v. State, 219 N.J. 163, 171 (2014) (quoting Prado v. State, 186 N.J. 413, 427 (2006)).

New Jersey courts have refused to vacate final settlements absent compelling circumstances. Brundage v. Estate of Carambio, 195 N.J. 575, 601 (2008) (citing Nolan v. Lee Ho, 120 N.J. 465, 472 (1990)). "An agreement to settle a lawsuit is a contract, which like all contracts, may be freely entered into and which a court, absent a demonstration of 'fraud or other compelling circumstances,' should honor and enforce as it does other contracts." Pascarella v. Bruck, 190 N.J. Super. 118, 124-25 (App. Div. 1983) (quoting Honeywell v. Bubb, 130 N.J. Super. 130, 136 (App. Div. 1974)).

The party seeking to vacate a settlement must provide "clear and convincing evidence" that the agreement should be vacated. DeCaro v. DeCaro, 13 N.J. 36, 42 (1953). We will not interfere with a judge's factual findings and conclusions concerning a settlement agreement that are amply supported by the record. Lahue v. Pio Costa, 263 N.J. Super. 575, 597 (App. Div. 1993). We "strain to give effect to the terms of a settlement whenever possible." Brundage,

A-1695-18T3

195 N.J. at 601 (quoting Dep't of Pub. Advocate v. N.J. Bd. of Pub. Util., 206 N.J. Super. 523, 528 (App. Div. 1985)).

Here, Patel paid the settlement sum in full in March 2018. If Patel sought to set aside the agreement because she did not understand its terms and felt pressured into entering into the settlement, it is unlikely she would have paid the settlement amount. Moreover, Patel had ample opportunity between the ALJ's February 26, 2018 initial decision and the DMAHS's April 19, 2018 final decision to seek to set aside the settlement agreement but did not do so.

Having reviewed the transcript of the hearing before the ALJ, we are satisfied the request to vacate and set aside the settlement agreement is nothing more than Patel's belated remorse at her decision to settle despite paying an amount significantly less than the original overpayment sum demanded by MFD. Patel, on behalf of herself and Shayona Pharmacy, entered into an enforceable settlement and petitioners failed to offer any clear and convincing evidence or compelling circumstances to justify setting aside the settlement agreement.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1695-18T3